SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Paul.Maloney@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:20-cr-00373-SI-9 |
| v. | **MOTION FOR BREACH OF PLEA AGREEMENT** |
| **ABEL RESENDIZ VILLA,** | |
| **Defendant.** | |

The United States of America, plaintiff herein, seeks a judicial finding that defendant has

breached the plea agreement in this case. The government requests this finding be entered on the

record prior to sentencing so the government is relieved of its plea agreement obligations. The

government has conferred with defense counsel about this motion and can report defense counsel

takes no position.

On July 28, 2022, defendant pleaded guilty to count 7 of the indictment charging

conspiracy to possess with intent to distribute and distribute controlled substances, in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), (b)(1)(B)(vi), 843(b) and 846. That same day, Michael

H. Simon, U.S. District Court Judge for the District of Oregon, accepted defendant's guilty plea.

**Motion for Breach of Plea Agreement**                                              **Page  1**

Judge Simon permitted defendant to remain out of custody and ordered defendant to appear at sentencing on October 20, 2022. At defendant's request, the court reset the sentencing to occur on January 6, 2023. On January 6, 2023, defendant failed to appear as ordered and Judge Simon issued a warrant for defendant's arrest.

The government sought extradition for defendant from Mexico. On June 5, 2026, defendant was extradited from Mexico and made his initial appearance in the District of Oregon. U.S. Magistrate Judge Stacie F. Beckerman revoked defendant's release and ordered him detained pending sentencing on June 23, 2026 before Judge Simon. ECF Nos. 541 and 542.

The Plea Agreement in this case provides conditions for defendant's acceptance of responsibility reductions. Paragraph 9 of the plea agreement in this case (ECF No. 308) states,

> "Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E 1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C 1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E 1.1."

Breach of the Plea Agreement is also a provision of the Plea Agreement. Paragraph 18 of defendant's plea agreement with the government states, "If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea."

Principles of contract law control the Court's interpretation of a plea agreement. *See United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005). It will "generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *United States v.*

**Motion for Breach of Plea Agreement**                                    **Page 2**

*Jeronimo*, 398 F.3d 1149, 1153 (9th Cir.2005), *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000)(courts look to and enforce the plain language of a contract and does not look to extrinsic evidence to interpret an unambiguous written document).

The government bears the burden of proving that the defendant breached his agreement by a preponderance of the evidence. *United States v. Plascencia-Orozco*, 852 F.3d 910, 920 (9th Cir. 2017) (citing *United States v. Packwood*, 848 F.2d 1009, 1011 (9th Cir. 1988)).

Although the Ninth Circuit does not require a two-step process where the government must seek and receive a judicial finding that the defendant breached a plea agreement before arguing the consequences of that breach, some circuits do require that. *See, e.g.*, *United States v. Cudjoe*, 534 F.3d 1349, 1355 (10th Cir. 2008) ("even if Cudjoe breached the plea agreement, until the district court so ruled, the government was not released from its promise"); *United States v. Simmons*, 537 F.2d 1260, 1261 (4th Cir. 1976) ("to set aside a judicially approved plea bargain, the prosecution may not act unilaterally . . . a judge must find that there has been a substantial breach" by defendant). The Ninth Circuit has not. *See, e.g.*, *United States v. Roberts*, 5 F.3d 365, 370 (9th Cir.1993) (confirming the government's determination that defendant breached without a district court finding). But it has never taken the question head-on. *See id*. (not addressing the procedural issue).

Therefore, the government, here, seeks judicial determination of this alleged breach, and submits that it has shown in this motion, by a preponderance standard, with its proffered evidence and the court's own records of defendant's prolonged abscond period, sufficient evidence to prove a breach. Particularly with regard to paragraph 18, where the breach has no connection to acceptance of responsibility, the government has shown sufficient basis of a breach.

**Motion for Breach of Plea Agreement**                                                    **Page  3**

## CONCLUSION

For the forgoing reasons, the government requests that the Court find that defendant committed a new criminal offense and the government is relieved of its obligations under the plea agreement.

Dated: July 21, 2026                     Respectfully submitted,

                                         SCOTT E. BRADFORD
                                         United States Attorney

                                         PAUL T. MALONEY, OSB #013366
                                         Assistant United States Attorney

**Motion for Breach of Plea Agreement**                                    **Page  4**