SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:20-cr-00373-SI-09** |
| **v.** | **GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM** |
| **ABEL RESENDIZ-VILLA,** | |
| **Defendant.** | |

After absconding pretrial supervision, and fleeing to Mexico where he remained a fugitive since July 2022, defendant is finally before the Court for sentencing for his role in a transnational drug trafficking organization. The government seeks a judicial finding that defendant's "plea and flee" conduct was a breach of the plea agreement relieving the government of its obligations under the plea agreement. For the reasons that follow, the government recommends a sentence of 85 months' imprisonment followed by five years' supervised release.

## I. SENTENCING CALCULATIONS

### A. The PSR Guideline Calculation

The government's guideline calculation is largely consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG §2D1.1(c)(4) | Drug Weight of 4.5 Kilograms of Heroin | BOL = 32 |
| USSG §2D1.1(a)(5) | Mitigating Role Adjustment Eligibility | **BOL = 30** |
| USSG §5C1.2 | Safety Valve | -2 |
| USSG §3B1.2(b) | Minor Participant | -2 |
| **USSG §3C1.1** | **Obstruction of Justice** | **+2** |
| | **Adjusted Offense Level** | **28** |
| USSG §3E1.1(a) and (b) | **No Acceptance of Responsibility Reduction** | **--** |
| | **Total Offense Level** | **28** |

PSR ¶¶ 28-37.

The base offense level is 32 based on a drug weight of 4.5 kilograms of heroin. USSG §2D1.1(c)(4). The government concedes that defendant qualifies for a two-level mitigating role reduction (USSG §3B1.2(b)), which reduced the base offense level to 30. USSG §2D1.1(a)(5). The government concedes that defendant meets the criteria for a two-level "Safety Valve" reduction. USSG §5C1.2.

As a result of the defendant's flight from prosecution, the government recommends a two-level increase for obstruction of justice pursuant to USSG §3C1.1. Defendant no longer qualifies for a three-level reduction for acceptance of responsibility because he failed to appear for sentencing, was on the run for nearly four-years run as a fugitive, and the government expended considerable resources to find and extradite him from Mexico. USSG §3E1.1(a), (b).

The PSR correctly calculates the defendant's criminal history score as one, establishing a criminal history category of I. PSR ¶ 41. This produces an advisory guideline range of 78 to 97 months' imprisonment.

Consistent with 21 U.S.C § 841(b)(1)(A)(viii), the government recommends a five-year term of supervised release. The PSR recommends a term of three years. It is unclear from the PSR the factual or legal reasoning for this recommendation or why the mandatory term of supervise release should not be ordered.

### B. The Recommended Sentence

The government recommends a sentence of 85 months' imprisonment, followed by five years of supervised release. This sentence is sufficient, but not more than necessary, to achieve the goals of sentencing.

## II. ARGUMENT

### A. Factual Summary

On July 25, 2022, the defendant agreed to plead guilty to Count 7 of the Indictment, which charges conspiracy with intent to distribute controlled substances, to use a communication facility, and to maintain drug involved premises in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(vi), 843(b), 856(a), and 846.

On January 6, 2023, the defendant failed to appear for sentencing, and a bench warrant was issued for his arrest. (ECF No. 381, Minutes of Sentencing Proceeding).

On February 20, 2026, the defendant was arrested by the U.S. Marshals Service on the warrant in Tijuana, Mexico. On June 5, 2026, defendant was arraigned on his

pretrial release violation, found in violation, and ordered detained pending sentencing. (ECF No. 541, Minutes of Pretrial Release Violation Hearing).

On July 21, 2026, the government filed a motion seeking a judicial finding that the defendant has breached the plea agreement in this case. (ECF No. 546). The judicial record speaks for itself. Defendant willfully absconded pretrial supervision, failed to appear for sentencing and fled to Mexico to avoid prosecution. Defendant's conduct relieves the government of any obligations under the plea agreement.

**B. 85 Months' Imprisonment is Sufficient but Not More Than Necessary**

The government's guideline calculation stands by several of the provisions of the original plea agreement that are unrelated to defendant's post-plea behavior. The base offense level, mitigation role, and safety valve reductions remain unchanged.

The facts of defendant's underlying conviction are accurately summarized in the PSR. (PSR ¶¶ 18-23). Defendant was a local distributor and methamphetamine smuggler. Lawfully intercepted communications and border crossing records indicated that defendant was conspiring with others to smuggle narcotics into the United States for distribution to others.

In July and August 2020, Investigators lawfully intercepted communications between co-conspirators, Mucio Mata-Gonzalez, Obdulia Molina-Cruz and Hector Garcia indicating that defendant had taken a truck into Mexico to trade for drugs. The communications later indicated that defendant would smuggle the drugs into the United States on a motorcycle. Soon after, defendant crossed the U.S. – Mexico border on a motorcycle.

On August 29, 2020, defendant was interdicted at the U.S.-Mexico border while in possession of 4.5 kilograms of heroin concealed in his motorcycle and helmet. As part of the plea agreement, the government conceded defendant's mitigating role in the conspiracy.

Defendant's abscond and flight to Mexico are necessary considerations that justifiably call for an increased term of imprisonment. To allow this post-plea behavior to go unpunished would be unfair to all the other defendants who abided by the terms of pretrial release, appeared for court as required, and did not flee the country. Sweeping defendant's abscond under the sentencing rug encourages other defendants to violate their pretrial release and flee the country knowing that if they are one day caught, there would be minimal consequences for their intransigence and that they could still benefit from the original bargain they struck with the government. The government's guideline calculations accurately addresses defendant's post-plea conduct with a modest two level adjustment for obstruction of justice.

Defendant's abscond resulted in a waste of resources. Court-appointed attorneys, interpreters, U.S. Marshals, probation officers, pretrial services officers, federal prosecutors and Court resources were all expended to prepare for a sentencing proceeding defendant had no intention of attending. Defendant's flight to Mexico required the United States government to petition the government of Mexico to issue a warrant for his arrest, find defendant, arrest him, provide him due process as required under the U.S.-Mexico treaty, and formally render him to U.S. law enforcement officers. Defendant's choice to flee, and his destination, were calculated to make it difficult to find him and bring him back to face justice for his crime. Defendant's conduct indicates a clear recission of his

acceptance of responsibility and the Court should not afford him the sentencing reductions afforded to defendants who show up as required.

Similarly, defendant's conduct no longer merits a variance for any expeditious early resolution of a complex case. The PSR writer's calculated guideline range of 78-97 months imprisonment is entirely reasonable given the defendant's willful violation of his pretrial release, his failure to appear as require, his flight to Mexico to avoid accountability, and the extraordinary efforts required to locate him and bring him back to before the Court for sentencing. The government's mid-range recommendation is justified, and no further reductions are warranted.

Considering the extraordinary—and entirely avoidable—waste of resources illustrated here, Congress's decision to require remand of defendants convicted of certain drug-trafficking crimes makes perfect sense. 18 U.S.C. § 3145(2). The federal government should not have to spend its taxpayers' dollars chasing convicted defendants around the globe just to put them back where the law already says they already belong.

The recommended sentence therefore reflects a modest increase in punishment from other similarly situated defendants. The PSR indicates the Judicial Sentencing Information (JSIN) data for other similarly situated defendants. The report notes, "For the 11 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 61 months, and the median length of imprisonment imposed was 60 months." PSR ¶ 88. The recommended sentence is an appropriate increase for defendant's failure to appear at sentencing and his flight to another country to avoid prosecution.

**C. Forfeiture**

The government seeks forfeiture consistent with the terms of the original plea agreement. The government asks that the defendant knowingly and voluntarily forfeit all right, title, and interest in and to any assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including, but not limited to, all property listed in the Bill of Particulars filed previously in this criminal case, as any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of violations set forth in Count 7, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations.

## III. CONCLUSION

Based on the foregoing, the government recommends that this Court impose a sentence of 85 months, followed by a five-year term of supervised release subject to the standard conditions and the special conditions outlined in the PSR, and order defendant to pay a $100 fee assessment.

Dated: August 19, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney