Amanda K. Garty, OSB #103871
HOEVET OLSON, PC
1000 SW Broadway, Suite 1740
Portland, Oregon 97205
Telephone: (503) 228-0497
Facsimile: (503) 228-7112
Email: amanda@hoevetlaw.com
Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABEL RESENDIZ-VILLA,<br><br>Defendant. | Case No. 3:20-cr-00373-SI<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT'S AMENDED MOTION FOR BREACH OF PLEA AGREEMENT |

Mr. Resendiz-Villa responds to the Government's Amended Motion for Breach of Plea Agreement, conceding that he breached the plea agreement by engaging in conduct that violated its implicit terms.

A breach of a plea agreement can occur when conduct, by either a defendant or the government, violates an express term of the agreement. *See United States v. Plancarte*, 147 F.4th 908, 914 (9th Cir 2025). A party may also breach an implied term of a plea agreement, based on the legal principle that "parties must also comply with the 'spirit of the plea agreement.'" *Id.* (quoting *United States v. Farias-Contreras*, 104 F.4th 22, 31 (9th Cir. 2024) (en banc), *cert. denied*, —— U.S. ——, 145 S. Ct. 1316, 221 L.Ed.2d 399 (2025)). The Ninth Circuit has described that obligation as requiring the parties to "act in good faith and advance the objectives of the plea agreement." *Id.* at 914 (citing *Farias-Contreras*, 104 F.4th at 31). This is a fact-specific inquiry that is



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740
PORTLAND, OREGON 97205
(503) 228-0497

based on contract principles and a consideration of the totality of circumstances. *Id.* at 914 (citing *Farias-Contreras*, 104 F.4th at 31).

The plea agreement in this case did not include a provision stating, by its plain terms, that Mr. Resendiz-Villa's failure to appear at sentencing constituted a breach of the agreement. The plea agreement is also ambiguous as to whether the failure to perform any of the condition precedents in paragraph 9 of the plea agreement, relied on by the government, constitutes a breach of the entire agreement. *See, e.g.*, *United States v. Livar*, 108 F.4th 738, 746 n.3 (9th Cir 2024) (Vratil, J, concurring) (explaining that, where a contractual provision involves a condition precedent obligating personal action, "'it may properly be said not to be performed; but non-performance is not a breach of contract unless the person promised to render the performance—to perform the condition'" (quoting 8 Corbin on Contracts § 30.13 at 28)).

Nonetheless, Mr. Resendiz-Villa does contest that his non-appearance at the January 6, 2023, sentencing hearing, failure to report to pretrial supervision for three years, and leaving the court's jurisdiction in violation of his pretrial supervision undermined the objectives and spirit of the plea agreement, constituting a violation of its implicit terms. Mr. Resendiz-Villa intends to appear before the court at sentencing and accept responsibility for his actions and not to defend them. Consequently, he does contest the government's motion for breach of the plea agreement.

DATED this 19th day of August, 2026.

HOEVET OLSON, PC

*s/ Amanda K. Garty*
Amanda K. Garty, OSB #103871
Of Attorneys for Defendant



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740
PORTLAND, OREGON 97205
(503) 228-0497