Amanda K. Garty, OSB #103871
HOEVET OLSON, PC
1000 SW Broadway, Suite 1740
Portland, Oregon 97205
Telephone: (503) 228-0497
Facsimile: (503) 228-7112
Email: amanda@hoevetlaw.com

Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABEL RESENDIZ-VILLA,<br><br>Defendant. | Case No. 3:20-cr-00373-SI<br><br>DEFENDANT RESENDIZ-VILLA'S SUPPLEMENT SENTENCING MEMORANDUM |

Mr. Resendiz-Villa will appear before the Court on August 26, 2026, at 10:00 a.m. for sentencing in the above-captioned matter.

On July 28, 2022, Mr. Resendiz-Villa pled guilty to Count 7 of the indictment, charging Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug Involved Premises. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(vi), 843(b), 856(a) and 846. His plea was entered pursuant to Fed. R. Cr. P. 11(c)(1)(B).

Mr. Resendiz-Villa's sentencing hearing was scheduled for January 6, 2023. On December 30, 2022, the defense filed a sentencing memorandum and a confidential

supplement to the PSR. ECF 377, ECF 378.[1] On January 3, 2023, the government filed its sentencing memorandum. ECF 380. However, Mr. Resendiz-Villa did not appear at the hearing, and the court issued a warrant for his arrest. The original Presentence Investigation Report (PSR) calculations under the United States Sentencing Commission Guidelines (USSG), and agreed to by the parties, resulted in 23 as the adjusted offense level, and I as the criminal history category, for an advisory term of imprisonment of 46-57 months. Additionally, based on 18 USC § 3553(a) factors, the United States Probation Office (USPO) and government's recommendation included an additional four level variance (19, I) and term of imprisonment of 30 months. The defense recommendation included an additional 2 level variance (17, I) and term of imprisonment of 24 months.

Mr. Resendiz-Villa was arrested on the 2023 warrant on February 20, 2026, in Tijuana, Mexico.[2] Approximately two days later, he was transferred to a jail in Mexico City, Reclusorio Preventivo Varonil Oriente ("Oriente"). At his initial court appearance in Mexico City, on or about February 23, 2026, he waived his rights to challenge the extradition petition and requested extradition without delay. He remained incarcerated at Oriente while awaiting extradition. On June 4, 2026, he was extradited to the District

---

[1] At the time, Mr. Resendiz-Villa was represented by attorney Kendra Matthews.

[2] Undersigned counsel's timeline and discussion of the extradition proceedings is based on the 2026 PSR, is based on the defense team's communications with Mr. Resendiz-Villa and family members, and Mr. Resendiz-Villa's attorney for the extradition proceedings in Mexico. Defense does not have the extradition documents to confirm the precise dates.



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740

of Oregon and had his initial appearance in this district the next day, June 5, where the Court revoked his release and appointed undersigned counsel.

On July 21, 2026, the government filed an amended motion alleging that Mr. Resendiz-Villa breached the plea agreement. At the time, undersigned counsel was not prepared to provide the government with defense's position on its motion. However, after reading the motion, researching the law, and discussing the issues with Mr. Resendiz-Villa, defense filed a response on the same day as the filing of this supplemental sentencing memorandum and the confidential supplement to the PSR memorandum, conceding that his conduct constituted a breach of the implied terms of the plea agreement.

On August 6, 2026, the USPO submitted its revised PSR, calculating Mr. Resendiz-Villa's new adjusted offense level as 28, with the same criminal history score I, for an advisory range of 78 to 97 months. Mr. Resendiz-Villa's conduct in failing to appear at sentencing and leaving the jurisdiction resulted in only two changes in the USPO's guideline calculations. The revised PSR includes application of a 2-level increase in the offense level, based on the obstruction of justice adjustment (USSG § 3C1.1), and no longer includes the 3-level decrease in the offense level, based on the acceptance of responsibility adjustment (USSG § 3E1.1). The USPO is recommending the imposition of 78 months' imprisonment with no additional variance.

Mr. Resendiz-Villa's sentencing arguments are based on his current sentencing materials and those previously filed in 2022, which he adopts and incorporates into his current materials unless otherwise noted. Based on all the defense materials from 2022 and 2026, Mr. Resendiz-Villa asks the court to conclude that a 60-month sentence is



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740

"sufficient, but not greater than necessary, to accomplish the goals of sentencing." *Kimborough v. United States*, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)). As explained below, that term of imprisonment could be achieved by awarding him 2 levels down in his offense level for acceptance of responsibility under USSG § 3E1.1(a), and an additional 1 level variance, under 18 U.S.C. § 3553(a). Alternatively, it could be achieved by adopting the guidelines calculations in the PSR and applying an additional 3-level downward variance in his offense level.

## I. Presentence Investigation Report—Factual Corrections / Disputes

Mr. Resendiz-Villa requests the following factual corrections to the PSR. In providing the dates his arrest on the January 2023 warrant, the report incorrectly states three times that it was June 5, 2026. *See* PSR, first unnumbered page, second paragraph; PSR ¶ 8 n.1; PSR ¶ 73a. However, the report also notes the correct date of the arrest as February 20, 2026. *See* PSR ¶ 17a ("On February 20, 2026, he was located and arrested by the U.S. Marshals Service in Tijuana, Mexico."); PSR ¶ 51a ("On February 20, 2026, he was located by the U.S. Marshals Service in Tijuana, Mexico, and arrested on a federal warrant.)." Although obviously an inadvertent scrivener's error, defense asks the USPO to edit the report, in the three locations cited above, by replacing the incorrect date with the correct date of arrest. As currently written, the report is internally inconsistent about the starting date that his pretrial incarceration in Mexico, which may create issues with BOP's calculation of the number of days that Mr. Resendiz-Villa is entitled to be credited toward his term of imprisonment under 18 U.S.C. § 3585(b).



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740

Second, defense disputes that Mr. Resendiz-Villa was "fighting extradition" while in custody in Mexico. *See* PSR, Release Status (page two; paragraph two). As detailed in defense's confidential supplement to the PSR memorandum, Mr. Resendiz-Villa's attorney on the extradition proceedings confirmed that Mr. Resendiz-Villa requested to be extradited without delay at the first court appearance and did not fight extradition.

## II. Presentence Investigation Report—USSG Calculations

Mr. Resendiz-Villa asks the court to find exceptional circumstances and award him 2 levels down in the offense level for acceptance of responsibility but otherwise agrees with the USSG calculations in the revised PSR.

### *A. Uncontested Calculations*

The court should adopt PSR's conclusion and apply the mitigating role adjustment under USSG § 3B1.2. Throughout the conspiracy, Mr. Resendiz-Villa "remained a low-level offender who was substantially less culpable than the others with whom he had contact." ECF 377 (Def. Sent. Memo at 3, 2022). As previous defense counsel argued:

> Mr. Resendiz-Villa had no leadership role, authority, decision-making ability or 'stake' in the operation. He had no proprietary interest or discretion about what tasks to perform. Id. What Mr. Resendiz-Villa had was the ability to cross the border legally and a debilitating, potentially life-destroying addiction that led him to be willing to use that ability to cross the border to serve his addiction.

ECF 377.

At the time of Mr. Resendiz-Villa's guilty plea, the government agreed that, under USSG § 3B1.2(b), the minimal role reduction applied to reduce the offense level by 2 levels. *See* ECF 380 at 3 (Gov. Sent. Memo 2022) ("The parties agree that defendant's



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740

role in this offense was limited to transporting or storing drugs and is accountable under 1B1.3 only for the quantity of drugs the defendant personally transported or stored and qualifies for a minimal role reduction of an additional two levels under USSG §3B1.2(b).”). Mr. Resendiz-Villa’s post-plea conduct has no impact on his continued eligibility for the mitigating role adjustment, and we ask the court to apply it.

Additionally, Mr. Resendiz-Villa agrees with the revised PSR that, under USSG §2D1.1(a)(5) and §2D1.1(c)(4), the correct base offense level calculation is 30. The PSR accurately describes the offense conduct. *See* PSR ¶ 28. At the time of Mr. Resendiz-Villa’s guilty plea, the parties stipulated to 30 as the correct BOL under the guidelines. The calculation was and remains based on the total weight of at least 3 kilograms but less than 10 kilograms of heroin and a mitigating role reduction. *See* PSR ¶ 28; ECF at 380 at 3 (Gov. Sent. Memo 2022); ECF 377 at 3. That remains the correct base offense level despite his non-appearance and failure to report to Pretrial Services for three years and leaving the jurisdiction.

Mr. Resendiz-Villa also agrees with the PSR that he satisfied the requirements, under 18 USC § 3553(f)(1), for safety eligibility and is therefore eligible for the 2-level decrease under USSG §5C1.2. At the time of Mr. Resendiz-Villa’s guilty plea, the government stipulated that he “satisfied all qualifying obligations” under 18 USC § 3553(f)(1). ECF at 380 at 3. Mr. Resendiz-Villa has no information suggesting that the government intends to, or a basis for, withdrawing that stipulation. Based on the PSR, the parties’ 2022 sentencing materials, and defense’s 2026 sentencing materials, the court should find that Mr. Resendiz-Villa has met all the requirements under 18 USC §



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740

3553(1) and is eligible for safety valve relief and apply an additional 2-level reduction to the offense level under USSG §5C1.

Finally, Mr. Resendiz-Villa does not contest that, under USSG §3C1.1, a 2-level increase in the offense level applies for the obstruction of justice adjustment. He accepts that his conduct in failing to appear and leaving the court's jurisdiction for 3 years establishes its applicability. *See* PSR ¶¶ 25, 25.

*B. Contested USSG Guidelines*

Mr. Resendiz-Villa asks the court find exceptional circumstances and apply the 2-level decrease under subsection (a) for acceptance of responsibility.[3] Under subsection (a) of § 3E1.1 of the guidelines, a defendant may be entitled to a 2-level decrease in the offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). In making that determination, the court may consider whether the person has truthfully admitted to the conduct underlying the offense of conviction and has truthfully admitted to any additional relevant conduct under 1B1.3 (Relevant Conduct), consider the post-offense rehabilitative efforts (e.g., counseling or drug treatment), and consider the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. *See* USSG § 3E1.1 App. Note 1(A), (G), (H). Entry of a guilty plea prior to trial combined with truthfully admitting the conduct comprising the offense of conviction and any relevant conduct constitutes "significant evidence of acceptance of responsibility for the purposes of subsection (a); however, that evidence

---

[3] Mr. Resendiz-Villa does not argue that he is entitled to the additional 1-level adjustment under subsection (b), which requires a government motion. See USSG § 3E1.1(b).



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740

"may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." USSG § 3E1.1 App. Note 3.

The record permits the court find exceptional circumstances to aware him a 2-level decrease in his offense level for acceptance of responsibility. The confidential supplement also explains how his preexisting mental health conditions and traumatic 11 months of pretrial incarceration during COVID impacted his poor decision to leave the jurisdiction and not appear at sentencing. Those materials also document his relatively stable life while in Mexico over those three years. The current and past sentencing materials and current PSR detail his hard work and achievements in the 17 months of his pretrial supervision before his 2023 sentencing hearing. His efforts were sincere, and his achievements are still worth some benefit. That evidence would support a finding of exceptional circumstance to apply the 2-level reduction under subsection (a) for acceptance of responsibility, even if he is not eligible for the full 3-level reduction for acceptance of responsibility. However, if the court disagrees, Mr. Resendiz-Villa hopes the court will nonetheless consider that evidence as a basis for a variance under 18 U.S.C. § 3553(a).

*C. Impact on Guidelines*

If the Court adopts the USPO calculations, the resulting guidelines would be 28, I, with an advisory term of imprisonment of 78-97 months. If the Court adopts Mr. Resendiz-Villa's calculations, the resulting guidelines would be 26, I, with an advisory term of imprisonment between 63-78 months.

/ / /

/ / /

## III. Sentencing Factors Support a Conclusion that a Lower Term is Appropriate

Even sentences within the advisory Guidelines range can be "greater than necessary" to serve the objectives of sentencing. While the sentencing courts "'must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process,'" *Molina-Martinez v. United States*, 136 S.Ct. 1338, 1345 (2016), the district judge "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007); *see also Nelson v. United States*, 555 U.S. 350, 352 (2009) (per curiam) (Guidelines are "not to be presumed reasonable").

The factors the court considers in determining an appropriate sentence include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need for the sentence to afford adequate deterrence; the need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the recommendations of the advisory Sentencing Guidelines; pertinent U.S. Sentencing Commission policy statements; the need to avoid unwarranted disparities in sentencing; and the need to provide restitution, if any. 18 U.S.C. § 3553(a).

Applying those considerations here, we ask the court to find that a 60-month sentence is appropriate in Mr. Resendiz-Villa's case.

/ / /

/ / /



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740

Mr. Resendiz-Villa's personal history and offense conduct is outlined in the PSR and related supplemental materials, so the defense will not restate it here. *See* PSR 18-23 (offense conduct); PSR ¶¶ 46-68 (personal history); ECF 377; ECF 378. However, as summarized in his 2022 sentencing materials:

> Mr. Resendiz-Villa was a part of this conspiracy from June to August 2020, he engaged in it solely to serve his own severe addictions. It also documents that Mr. Resendiz-Villa has a solid work and personal history when he is not succumbing to his addictions. Finally, it includes evidence that Mr. Resendiz-Villa made an effort to control his addictions both before and after engaging in the activity that brings him before this Court. His efforts before engaging in the conspiracy were unsuccessful, but he has worked very hard over the past 17 months of pretrial release to engage in treatment and try to build a world in which he controls his addictions, rather than the addictions controlling him.

ECF at 5.

As prior counsel also argued, Mr. Resendiz-Villa is a legal permanent resident who has been in the United States since 2005 and has two children here. His deportation will be a consequence of this conviction, which "is a devastating collateral consequence that is beyond the control of this Court. It is, however, a meaningful punishment that this Court can consider when deciding what a just punishment is for his conduct." ECF at 5-6. His status as a deportable alien and the involvement of fentanyl in this case means that Mr. Resendiz-Villa will not have the same access to programming that others who are in the custody of BOP may have, which is also a consequence the court should consider in determining the appropriate sentence in this case. ECF at 5-6.

Finally, as detailed in his confidential supplement and prior sentencing materials, Mr. Resendiz-Villa's efforts and accomplishments during the 17 months he



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740

was on pretrial release are still remarkable achievements, and his particularly harsh conditions of his pretrial incarceration (in the U.S. and Mexico) support a term of imprisonment below the guidelines range.

If the Court adopts the USPO guideline calculation of 28, I (78-97 months), then Mr. Resendiz-Villa asks the court to apply a 3-level downward variance to the offense level to 25, resulting in an advisory range of 57-71 months (25, I). However, if the Court adopts Mr. Resendiz-Villa's guidelines calculation of 26, I (63-78 months), he asks the court to apply a 1 level downward variance in the offense level to 25, resulting in an advisory range of 57-71 months (25, I).

Mr. Resendiz-Villa accepts that his choice to leave the jurisdiction has consequences. The PSR notes that for Fiscal Year 2021-2025, 100% of the 11 defendants sentenced to imprisonment, whose primary guidelines offense was USSG §2D1.1 and heroin, with 28 as the offense level, and with I as the criminal history category, the median length of imprisonment was 60 months. PSR ¶ 88. Under the totality of circumstances, including his background history, his minimal role in the offense, his solid performance over 17 months while on pretrial supervision, and the severe conditions of his pretrial incarceration, a 60-month prison term adequately address the purposes of sentencing.

/ / /

/ / /

/ / /



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740

We ask the Court to conclude that a term of 60 months imprisonment, to be followed by a term of supervised release, is "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2).

DATED this 19th day of August, 2026.

HOEVET OLSON, PC

*s/ Amanda K. Garty*
Amanda K. Garty, OSB #103871
Of Attorneys for Defendant



HOEVET OLSON, PC
ATTORNEYS AT LAW
1000 S.W. BROADWAY, #1740